JACKSON *v.* ROACH.

Opinion delivered March 19, 1928.

1. INFANTS—PROCEEDING TO DECLARE CHILDREN DEPENDENT AND NEGLECTED.—Since proceedings under the Juvenile Court Act (Crawford & Moses' Dig., § 5751 *et seq.*, as amended by Acts 1921, p. 419), to declare children to be dependent and neglected, is a special proceeding, any judgment procured thereunder, to be valid against collateral attack, must recite the necessary jurisdictional facts.

2. INFANTS—ADOPTION—COLLATERAL ATTACK.—Where a judgment of the juvenile court declared certain children dependent and neglected, a subsequent contest in the probate and circuit courts over the adoption of one of the children, upon the ground that the previous order of the juvenile court was void, constituted a collateral attack on such judgment, relied on as a basis for the adoption proceedings.

3. INFANTS—VALIDITY OF ORDER DECLARING CHILDREN DEPENDENT AND NEGLECTED.—A judgment of the juvenile court declaring a child to be dependent and neglected, which failed to show that its mother was a party to the proceedings and duly served by summons, as required by Crawford & Moses' Dig., §§ 5758, 5759, was void for failure to recite such jurisdictional fact, and was subject to collateral attack.

Appeal from Independence Circuit Court; *S. M. Bone,* Judge; reversed.

*T. A. Gray,* for appellant.

*W. M. Thompson,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment of the circuit court of Independence County affirming judgments of the probate court of said county appointing Mrs. Lula G. Parse, probation officer of said county, guardian of the person of Lewallen Jackson, a minor, and adopting said minor to Lamon Roach and his wife.

The judgments of the probate court, which were affirmed by the circuit court, from which is this appeal, were based upon a judgment rendered and entered of record by the juvenile court of said county on the 14th day of September, 1926.   That judgment is as follows:

"September 14, 1926.

"State of Arkansas v. Gady, Charles, Hadley, Lewallen and Virginia Jackson.   In the juvenile court of Independence County, Arkansas.

"Now on this, the 14th, day of September comes Lula G. Parse, probation officer, who brings into court Gady, Charles, Hadley, Lewallen and Virginia Jackson, age of 11, 9, 7, 5 and 4 years, respectively, who are charged with being dependent and neglected children, said children appearing by their uncle, Jeff Engles, who has legal custody and control of said children, and the court, after hearing the evidence and being fully advised in the premises, finds said children are dependent and neglected children.

"It is therefore considered by the court that the said children be and remain wards of the court, that they be permitted to go hence subject to the visitation of the probation officer, and that suitable home or homes be found for them.　E. R. Hooper, Judge of Juvenile Court."

The juvenile court judgment was procured under §§ 5758 and 5759 of Crawford & Moses' Digest, which provides the method by which either a dependent or neglected child may be taken from its unfit parent or parents, custodian or guardian, and placed under the guardianship of some suitable person. The statutes mentioned require, among other things, that the parents or parent, if living, of the child shall be named in the written petition, made defendants, and notified of the proceeding by summons, if residents of this State.

The proceeding under the juvenile court act is a special proceeding, so any judgment procured thereunder, to be impervious against collateral attack, must recite all necessary jurisdictional facts. The appeal in the instant case from the probate court judgments to the circuit court and from the circuit court to this court is a collateral attack on the juvenile court judgment relied upon as a basis for the guardianship and adoption proceedings. By reference to that judgment, which is set out in full above, it will be seen that it fails to show that the mother of Lewallen Jackson, the appellant herein, was made a party to the proceedings and duly served by summons, as required by §§ 5758 and 5759 of Crawford & Moses'

Digest. The juvenile court judgment is void for failure to recite this jurisdictional fact, and subject to collateral attack.

The trial court erred therefore in affirming the probate judgments, and, on account of such error, the judgment of the circuit court is reversed, and remanded for further proceedings not inconsistent with this opinion.

Mr. JUSTICE WOOD and Mr. Justice McHANEY dissent. They are of the opinion that the judgment of the juvenile court herein set out is not void on its face and therefore open to collateral attack, also that the order of adoption is a valid order. The judgment of the circuit court was based on oral testimony not preserved in a bill of exceptions, and should be affirmed for that reason.