*Ex parte* KELLEY.

Crim. 3973

Opinion delivered December 2, 1935.

*Reuben Chenowith*, for appellant.

*Carl E. Bailey*, Attorney General, and *Guy Williams*, Assistant, for appellee.

HUMPHREYS, J. This is an appeal from a final order of the circuit judge of the eleventh judicial circuit denying a petition seeking the release or discharge of Louis Kelley, a minor, fifteen years of age, from the Industrial School for Boys of the State of Arkansas, who was committed to said school for his reformation by the judge of the juvenile court of Pope County on September 14, 1935.

It was alleged in the petition for a writ of habeas corpus that the order committing Louis Kelley to said school was void on its face. The order is as follows:

"Now on this day before me, M. L. Turnbow, judge of the juvenile court of Pope County, Arkansas, comes the above-named defendant and delinquent child, and also comes Sol Kelley, the father of said child, after due notice of said hearing had been given him, and upon hearing of the evidence introduced and after examination of the witnesses introduced by Reuben Chenowith, attorney for Sol Kelley, said father, the court doth find from the evidence that said Louis Kelley, aged 15 years, is a delinquent child, is incorrigible and cannot be controlled by his parent, Sol Kelley; that it is found to be to the best interests of the public and of said child that said child be committed to the Industrial School of

the State for Boys for such time as is necessary for his reformation.

"It is therefore considered, ordered and adjudged by the court that the said delinquent child be and is hereby committed to said Industrial School for Boys of the State of Arkansas for such time as may be found necessary for his reformation. And it is further found by the court that said proceedings were held on August 26, 1935, but that said order of commitment did not recite all the findings and facts and was omitted from the record, same is hereby ordered as corrected, now for then, and that said corrected order and commitment be together with said delinquent child immediately delivered to the committing officer to be filed as corrected with the superintendent of said Boys' Industrial School of the State of Arkansas.

"This September 14, 1935.

"M. L. Turnbow,
"Juvenile Judge."

It does not appear in the face of the order that a petition was filed prior to making same in accordance with the provisions of § 5758 of Crawford & Moses' Digest. The filing of a petition in accordance with said section was jurisdictional. Without such a petition, the juvenile court or judge thereof acquired no jurisdiction to commit the boy to the Boys' Industrial School of Arkansas. The judgment or order should have recited all jurisdictional facts, as a proceeding under the Juvenile Court Act is a special proceeding. *Jackson* v. *Roach,* 176 Ark. 688, 3 S. W. (2d) 976. On account of the failure to so recite, the judgment or order is void on its face and subject to collateral attack.

The circuit judge erred in dismissing the petition for *habeas corpus,* and his judgment in dismissing same is reversed, and the cause is remanded with directions to sustain the writ and discharge Louis Kelley from the Boys' Industrial School of Arkansas.