## IN RE: ARKANSAS RULES of CIVIL PROCEDURE; and RULES of the SUPREME COURT and COURT of APPEALS

Supreme Court of Arkansas
Delivered January 24, 2002

PER CURIAM. On November 8, 2001, we published for comment the Arkansas Supreme Court Committee on Civil Practice's proposals for changes in the Arkansas Rules of Civil Procedure, Inferior Court Rules, Rules of Appellate Procedure— Civil, and Rules of the Supreme Court and Court of Appeals. We thank everyone who reviewed the proposals and submitted comments.

The proposals with two exceptions[1] will be implemented. We encourage all judges and lawyers to review this *per curiam* order to familiarize themselves with the changes to the rules, but we want to emphasize the change in Rule 4-2 of the Rules of the Supreme Court and Court of Appeals. The Argument portion of a brief now requires the following: "For each issue, the applicable standard of review shall be concisely stated at the beginning of the discussion of the issue."

We again express our gratitude to the members of our Civil Practice Committee for the Committee's diligence in performing the important task of keeping our civil rules current, efficient, and fair.

The amendments to Ark. R. Civ. P. 4(d)(8)(C) and 5(b) are deemed to supersede Ark. Code Ann. § 1-2-122(b) with respect to the service of process and other papers.

We adopt the following amendments to be effective immediately and republish the rules and Reporter's Notes as set out below.

---

[1] No action is being taken at this time with respect to the Inferior Court Rules, and the Civil Practice Committee is requested to review these rules in light of a comment which was received.

The proposed change to Rule 5 of the Rules of Appellate Procedure—Civil is not being adopted. Although the Committee's recommendation makes some good points, practitioners are familiar with the calculation of time under the existing rule, and any benefit in adopting the recommendation is offset by the learning curve which would be necessary to implement it.

## Arkansas Rules of Civil Procedure

1. The Table of Contents preceding the Rules of Civil Procedure is revised by including ten headings, as follows:

### I. Scope of Rules — One Form of Action

1. Scope of rules.
2. One form of action.

### II. Commencement of Action; Service of Process, Pleadings, Motions, and Orders

3. Commencement of action — "Clerk" defined.
4. Summons.
5. Service and filing of pleadings and other papers.
6. Time.

### III. Pleadings and Motions

7. Pleadings and motions.
8. General rules of pleading.
9. Pleading special matters.
10. Form of pleadings.
11. Signing of pleadings, motions, and other papers; sanctions.
12. Defenses and objections — When and how presented — By pleading or motion — Motion for judgment on the pleadings.
13. Counterclaim and cross-claim.
14. Third-party practice.
15. Amended and supplemental pleadings.
16. Pretrial procedure; formulated issues.

### IV. Parties

17. Parties plaintiff and defendant.
18. Joinder of claims and remedies.
19. Joinder of persons needed for just adjudication.
20. Permissive joinder of parties.
21. Misjoinder and non-joinder of parties.
22. Interpleader.
23. Class actions.
23.1. Actions by shareholders.
23.2 Actions relating to unincorporated associations.
24. Intervention.

25. Substitution of parties.

**V. Depositions and Discovery**

26. General provisions governing discovery.
27. Depositions before action or pending appeal.
28. Persons before whom depositions may be taken.
29. Stipulations regarding discovery procedures.
30. Depositions upon oral examination.
31. Depositions upon written questions.
32. Use of depositions in court proceedings.
33. Interrogatories to parties.
34. Production of documents and things and entry upon land for inspection and other purposes.
35. Physical and mental examination of persons.
36. Requests for admission.
37. Failure to make discovery; sanctions.

**VI. Trials**

38. Jury trial of right.
39. Trial by jury or by the court.
40. Trial settings and continuances.
41. Dismissal of actions.
42. Consolidation; separate trials.
43. Taking of testimony.
44. Proof of official record.
44.1. Determination of foreign law.
45. Subpoena.
46. Exceptions unnecessary.
47. Jurors.
48. Number of jurors — Verdict.
49. Verdicts and interrogatories.
50. Motion for directed verdict and for judgment notwithstanding verdict.
51. Instructions to jury; objection.
52. Findings by the court.
53. Masters.

**VII. Judgment**

54. Judgments; costs.
55. Default.
56. Summary judgment.
57. Declaratory judgments.
58. Entry of judgment or decree.

59. New trials.
60. Relief from judgment, decree or order.
61. Harmless error.
62. Stay of proceedings to enforce a judgment.
63. Disability of a judge.

**VIII. Counsel; Provisional and Final Remedies; Suits in Forma Pauperis.**

64. Addition and withdrawal of counsel.
65. Injunctions and temporary restraining orders.
65.1. Security; proceedings against sureties.
66. Receivers.
67. Deposit in court.
68. Offer of judgment.
69. Execution discovery.
70. Judgment for specific acts; vesting title.
71. Process in behalf of and against persons not parties.
72. Suits in forma pauperis.
73-76. [Reserved.]

**IX. Circuit Courts and Clerks.**

77. Courts and clerks.
78. Motion day and hearings on motions.
79. [Abolished.]
80. Admissibility of testimony at prior trial.

**X. General Provisions.**

81. Applicability of rules.
82. Jurisdiction and venue unaffected.
83. [Abolished.]
84. Uniform paper size.
85. Title.
86. Effective date.

2. Subdivisions (c), (d), (f), and (g) of Rule 4 are amended to read as follows:

(c) *By Whom Served.* Service of summons shall be made by (1) a sheriff of the county where the service is to be made, or his or her deputy, unless the sheriff is a party to the action; (2) any person not less than eighteen years of age appointed for the purpose of serving summons by either the court in which the action is filed or a court in the county in which service is to be made; (3) any

person authorized to serve process under the law of the place outside this state where service is made; or (4) in the event of service by mail or commercial delivery company pursuant to subdivision (d)(8) of this rule, by the plaintiff or an attorney of record for the plaintiff.

(d) *Personal Service Inside the State.* A copy of the summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made upon any person designated by statute to receive service or as follows:

\* \* \*

(4) Where the defendant is confined in a state or federal penitentiary or correctional facility, service must be upon the keeper or superintendent of the institution who shall deliver a copy of the summons and complaint to the defendant. A copy of the summons and complaint shall also be sent to the defendant by first class mail and marked as "legal mail" and, unless the court otherwise directs, to the defendant's spouse, if any.

(8)(A) \* \* \*

(B) \* \* \*

(C) Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5) and (7) of this subdivision may also be made by the plaintiff or an attorney of record for the plaintiff using a commercial delivery company that (i) maintains permanent records of actual delivery, and (ii) has been approved by the circuit court in which the action is filed or in the county where service is to be made. The summons and complaint must be delivered to the defendant or an agent authorized to receive service of process on behalf of the defendant. The signature of the defendant or agent must be obtained. Service pursuant to this paragraph shall not be the basis for a judgment by default unless the record reflects actual delivery on and the signature of the defendant or agent, or an affidavit by an employee of an approved commercial delivery company reciting or showing refusal of the process by the defendant or agent. If delivery of process is refused, the plaintiff or attorney making such service, promptly upon receipt of notice of such refusal, shall mail to the defendant by first class mail a copy of the summons and complaint and a notice that despite such refusal the case will proceed and that judgment by default may be rendered against the defendant unless he or she

appears to defend the suit. A judgment by default may be set aside pursuant to Rule 55(c) if the court finds that someone other than the defendant or agent signed the receipt or refused the delivery or that the commercial delivery company had not been approved as required by this subdivision.

\* \* \*

(f) *Service by Warning Order.* (1) If it appears by the affidavit of a party seeking judgment or his or her attorney that, after diligent inquiry, the identity or whereabouts of a defendant remains unknown, or if a party seeks a judgment that affects or may affect the rights of persons who are not and who need not be subject personally to the jurisdiction of the court, service shall be by warning order issued by the clerk. This subdivision shall not apply to actions against unknown tortfeasors.

(2) The warning order shall state the caption of the pleadings; include, if applicable, a description of the property or other res to be affected by the judgment; and warn the defendant or interested person to appear within 30 days from the date of first publication of the warning order or face entry of judgment by default or be otherwise barred from asserting his or her interest. The party seeking judgment shall cause the warning order to be published weekly for two consecutive weeks in a newspaper having general circulation in the county where the action is filed and to be mailed, with a copy of the complaint, to the defendant or interested person at his or her last known address by any form of mail with delivery restricted to the addressee or the agent of the addressee.

(3) If the party seeking judgment has been granted leave to proceed as an indigent without prepayment of costs, the clerk shall conspicuously post the warning order for a continuous period of 30 days at the courthouse or courthouses of the county wherein the action is filed. The party seeking judgment shall cause the warning order to be mailed, with a copy of the complaint, to the defendant or interested person as provided in paragraph (2). Newspaper publication of the warning order is not required.

(4) No judgment by default shall be taken pursuant to this subdivision unless the party seeking the judgment or his or her attorney has filed with the court an affidavit stating that 30 days have elapsed since the warning order was first published as provided in paragraph (2) or posted at the courthouse pursuant to paragraph (3). If a defendant or other interested person is known to the party seeking judgment or to his or her attorney, the affidavit shall also

state that 30 days have elapsed since a letter enclosing a copy of the warning order and the complaint was mailed to the defendant or other interested person as provided in this subdivision.

(g) *Proof of Service.* The person effecting service shall make proof thereof to the clerk within the time during which the person served must respond to the summons. If service is made by a sheriff or his deputy, proof may be made by executing a certificate of service or return contained in the same document as the summons. If service is made by a person other than a sheriff or his deputy, the person shall make affidavit thereof, and if service has been by mail or commercial delivery company, shall attach to the affidavit a return receipt, envelope, affidavit or other writing required by Rule 4(d)(8). Proof of service in a foreign country, if effected pursuant to the provisions of a treaty or convention as provided in Rule 4(e)(4), shall be made in accordance with the applicable treaty or convention.

Rule 4 is amended further by deleting subdivision (j) and redesignating subdivision (k) as subdivision (j), as follows:

(j) *Service of Other Writs and Papers.* Whenever any rule or statute requires service upon any person, firm, corporation or other entity of notices, writs, or papers other than a summons and complaint, including without limitation writs of garnishment, such notices, writs or papers may be served in the manner prescribed in this rule for service of a summons and complaint. Provided, however, any writ, notice or paper requiring direct seizure of property, such as a writ of assistance, writ of execution, or order of delivery shall be made as otherwise provided by law.

The Reporter's Notes accompanying Rule 4 are amended by adding the following:

**Addition to Reporter's Notes, 2002 Amendment:** Subdivision (c)(4) has been amended to refer to service by a commercial company, an option authorized by new paragraph (C) of subdivision (d)(8) and discussed below. Over the years, lawyers have questioned the efficacy of service by mail under paragraph (A) of subdivision (d)(8), in part because the postal service does not always follow its own rules regarding restricted delivery mail.

Subdivision (d) has been revised to provide that service shall be made as provided in that subdivision or "upon any person

designated by statute to receive service." This provision incorporates statutes which, for example, provide for service on the registered agent of a corporation. *E.g.*, Ark. Code Ann. §§ 4-26-503, 4-27-1510. It was deemed advisable in light of case law suggesting that Rule 4 is exclusive as to the recipients of process, despite language in subdivisions (d)(1) & (5) permitting service on an "agent authorized . . . by law to receive service of summons." *See, e.g., May v. Bob Hankins Distributing Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990).

Subdivision (d)(4) has been amended to require the plaintiff not only to serve the superintendent of the correctional facility housing the defendant (as well as the defendant's spouse, if any, unless the court orders otherwise), but also to send a copy of the summons and complaint, marked as "legal mail," to the defendant by first class mail. This additional safeguard is similar to that found in substituted service statutes. *E.g.*, Ark. Code Ann. §§ 16-58-120(b)(2)(B) (in addition to serving Secretary of State, plaintiff must mail copy of summons and complaint to defendant at last known address).

New paragraph (C) of subdivision (d)(8) permits service by "a commercial delivery company that (i) maintains permanent records of actual delivery and (ii) has been approved by the circuit court in which the action is filed or in the county where service is to be made." Service of papers by commercial delivery companies under Rule 5 has been allowed for more than a decade with no apparent problem. *See* Rule 5(b)(2) & Addition to Reporter's Notes, 1989 Amendment. Rule 5(b)(2) has been amended to require court approval of the commercial delivery company, a requirement imposed by new paragraph (C) of this rule.

Paragraph (C) is more restrictive than Ark. Code Ann. §§ 1-2-122(b), which allows service by "an alternative mail carrier." The statute has thus been superseded with respect to service of process. Paragraph (C) contains additional safeguards similar to those found in paragraph (A) for service by mail and requires, as does subdivision (c)(2) with respect to service by a private person, that the commercial delivery company be approved by the circuit court of the county where the action is filed or where service is to be made. This approval may be in the form of a standing order or may be made on a case-by-case basis, as under subdivision (c)(2). *See* Addition to Reporter's Notes to Rule 4, 1999 Amendment.

The rule has also been amended to provide uniform requirements for warning orders. Those requirements are contained in

revised subdivision (f), which deals with both situations in which service by warning order is permissible, *i.e.*, "when the identity or whereabouts of a defendant remains unknown, or if a party seeks a judgment that affects or may affect the rights of persons who are not and who need not be subject personally to the jurisdiction of the court." Former subdivision (j) has been deleted and former subdivision (k) redesignated as subdivision (j).

3. Subdivision (b) of Rule 5 is amended to read as follows:

(b) *Service: How Made.* (1) * * *

(2) Except as provided in paragraph (3) of this subdivision, service upon the attorney or upon the party shall be made by delivering a copy to him or by sending it to him by regular mail or commercial delivery company at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy for purposes of this paragraph means handing it to the attorney or to the party; by leaving it at his office with his clerk or other person in charge thereof; or, if the office is closed or the person has no office, leaving it at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age. Service by mail is presumptively complete upon mailing, and service by commercial delivery company is presumptively complete upon depositing the papers with the company. When service is permitted upon an attorney, such service may be effected by electronic transmission, provided that the attorney being served has facilities within his office to receive and reproduce verbatim electronic transmissions. Service by a commercial delivery company shall not be valid unless the company: (A) maintains permanent records of actual delivery, and (B) has been approved by the circuit court in which the action is filed or in the county where service is to be made.

(3) If a final judgment or decree has been entered and the court has continuing jurisdiction, service upon a party by mail or commercial delivery company shall comply with the requirements of Rule 4(d)(8)(A) and (C), respectively.

The Reporter's Notes accompanying Rule 5 are amended by adding the following:

**Addition to Reporter's Notes, 2002 Amendment:** Since 1989, subdivision (b)(2) has allowed service of papers, other than the summons and complaint, on attorneys via commercial delivery companies. This subdivision has been amended to allow service by

this method on parties as well, but with the safeguard that the commercial delivery company be court-approved. Section 1-2-122(b) of the Arkansas Code, which allowed service by "an alternative mail carrier," has been deemed superseded.

Subdivision (b)(2) has also been revised to provide that "service by commercial delivery company is presumptively complete upon depositing the papers with the company." This provision parallels that for service by mail, which "is presumptively complete upon mailing." Subdivision (b)(3), which applies when the circuit court has continuing jurisdiction, has been amended to reflect the addition of new paragraph (C) of Rule 4(d)(8).

4. Subdivision (c) of Rule 6 is amended to read as follows:

(c) *For Motions, Responses, and Replies.* A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 20 days before the time specified for the hearing. Any party opposing a motion shall serve a response within 10 days after service of the motion. The movant shall then have 5 days after service of the response within which to serve a reply. The time periods set forth in this subdivision may be modified by order of the court and do not apply when a different period is fixed by these rules, including Rules 56(c) and 59(d).

The Reporter's Notes accompanying Rule 6 are amended by adding the following:

**Addition to Reporter's Notes, 2002 Amendment:** Rule 6(c) has been amended to clarify the timing of motions, responses, and replies. A related change with respect to motion practice has been made in Rule 7(b), which governs the form and content of motions, responses, and replies. Cross-references to Rules 6(c) and 7(b) have been added to Rule 12(i) and Rule 78(b).

Under the prior version of subdivision (c), a written motion and notice of hearing had to be served no later than ten days prior to the date set for hearing. At the same time, Rule 78(b) provided a ten-day period for a response and a five-day period for reply. As a result, there might be no time for a reply. To address this problem, the ten-day period in subdivision (c) has been expanded to twenty days. Also, the provisions governing the timing of responses and replies have been shifted from Rule 78(b) to subdivision (c). As was previously the case, the court may modify the time periods by order. These periods are inapplicable when a different time frame is

established by another rule, *e.g.*, Rule 56(c) (motions for summary judgment).

The provision in the former version of subdivision (c) as to supporting affidavits now appears in Rule 7(b)(2).

5. Rule 7 is amended by changing the title of the rule to "Pleadings and motions," and subdivision (b) is amended to read as follows:

(b) *Motions and Other Papers.*

(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(2) All motions required to be in writing and any responses and replies shall include a brief supporting statement of the factual and legal basis for the motion, response, or reply and the citations relied upon. Any supporting affidavits shall be served with the motion, response, or reply. Failure to satisfy these requirements shall be ground for the court's striking the motion, response, or reply. The court is not required to grant a motion solely because no response or brief has been filed.

(3) The rules applicable to captions, signings, and other matters of form of pleadings apply to all motions and other papers provided for by these rules.

The Reporter's Notes accompanying Rule 7 are amended by adding the following:

**Addition to Reporter's Notes, 2002 Amendment:** New paragraph (2) of subdivision (b) addresses matters that previously appeared in Rule 6(c) (supporting affidavits) and Rule 78(b) (content of motions). With these changes, Rule 6(c) governs the timing of motions, responses, and replies, while Rule 7(b) governs their content. Rule 78(b) simply cross-references these provisions. Former paragraph (2) of subdivision (b) has been redesignated as paragraph (3), and minor changes have been made in the titles of subdivision (b) and the rule.

6. Subdivision (i) of Rule 12 is amended to read as follows:

(i) *Response to Motions; Reply.* Any response in opposition to a motion under this rule and any reply to such a response shall be made as provided in Rules 6(c) and 7(b).

The Reporter's Notes accompanying Rule 12 are amended by adding the following:

**Addition to Reporter's Notes, 2002 Amendment:** Subdivision (i) of the rule previously included time periods for serving responses to motions and replies to responses. These matters are now governed by Rule 6(c), and subdivision (i) has been amended to provide a cross-reference to that provision. There has also been added a cross-reference to Rule 7(b), which governs the content of motions, responses, and replies.

7. Subdivision (f) of Rule 45 is amended to read as follows:

(f) *Depositions for Use in Out-of-State Proceedings.* Any party to a proceeding pending in a court of record outside this state may take the deposition of any person who may be found within this state. A party who has filed a notice of deposition upon oral examination in an out-of-state proceeding, which complies with Rule 30(b), may file a certified copy thereof with the circuit clerk of the county in which the deposition is to be taken; whereupon, the clerk shall issue a subpoena in accordance with the notice. A deposition, including any subpoenas issued therefor, shall be subject to these rules as well as to any rule or statute creating a privilege or immunity from discovery. Any objection or motion for protective order with respect to the deposition shall be heard by a circuit judge of the county in which the deposition is to be taken.

The Reporter's Notes accompanying Rule 45 are amended by adding the following:

**Addition to Reporter's Notes, 2002 Amendment:** The third sentence of subdivision (f) has been amended to expressly provide that a deposition taken for use in an out-of-state proceeding is subject to the Rules of Civil Procedure, as well as to any rule or statute "creating a privilege or immunity from discovery." Previously, this sentence stated only that the Rules applied to subpoenas issued for such depositions. Also, the last sentence of subdivision (f) has been revised to include a specific reference to motions for protective orders made with respect to the deposition pursuant to Rule 26(c). The former version of this sentence mentioned only objections.

8. The following Reporter's Note is adopted to accompany the subpoena form promulgated by the Court in connection with Rule 45:

### Reporter's Notes Regarding Subpoena Form

This form was designed for civil cases, including probate and juvenile matters, and should not be used in criminal proceedings. It is based on the form used in the federal courts. *See* Form AO 88, Subpoena in a Civil Case (Rev. 1994), reprinted in 1B Federal Procedural Forms §§ 1:1270 (1999). However, it departs from the federal model as necessary to accommodate differences between the Arkansas Rules of Civil Procedure and the federal rules.

Rule 45 does not mention the form, but the Supreme Court's order of adoption describes it as "official." *In re Arkansas Rules of Civil Procedure*, 340 Ark. 731, 733 (2000). Although use of an exact reproduction of the form is not mandatory, a subpoena must include all information called for by the form. For example, the second page of the form contains a "notice to persons subject to subpoenas" intended to advise those persons of their rights and duties under Rule 45. A subpoena without this information would be subject to challenge. However, so long as the necessary information is included, use of a "home-grown" document should not be fatal.

Additional information may be included if it is not inconsistent with Rule 45 or the form itself. For instance, a subpoena issued by the clerk might contain the name, address and phone number of the attorney who requested its issuance. Other information can be added in certain spaces on the form. The division in which the case is pending may also be included along with the street address in the box labeled "place of testimony."

On the other hand, modification of the form in such a way that distorts the controlling law or misleads the recipient is impermissible. Under Rule 45(b), for example, a subpoena *duces tecum* directed to a non-party is permissible only in connection with a deposition, hearing, or trial. Consequently, adding to the form a box to be checked and an accompanying statement to the effect that the recipient is commanded to permit inspection of specified documents at counsel's office on a given date, is not permissible. By contrast, the federal form offers this option, which is available under the federal rules. *See* Rules 34(c) & 45(a)(1)(C), Fed. R. Civ. P.

Unless a statute provides a procedure different from that specified in Rule 45, the rule and the form are applicable in probate and juvenile cases. Certain probate matters — such as will contests and adoptions — are "special proceedings" within the meaning of Rule 81(a) and thus excepted from the Rules of Civil Procedure if a statute sets out a different procedure. *E.g., Brantley v. Davis*, 305 Ark. 68, 805 S.W.2d 75 (1991). Some juvenile matters may also be special proceedings. *See Kelley v. State*, 191 Ark. 848, 88 S.W.2d 65 (1935). If there is no such statute, then the rules apply. *Norton v. Hinson*, 337 Ark. 487, 989 S.W.2d 535 (1999).

There appears to be only one statute that uses the word "subpoena" in connection with probate cases, and it does not conflict with Rule 45. *See* Ark. Code Ann. §§ 5-2-317(b)(3). By statute, the Rules of Civil Procedure apply to "all proceedings" in juvenile cases "until rules of procedure for juvenile court are developed and in effect," except as otherwise provided by the juvenile code. Ark. Code Ann. §§ 9-27-325(f). No such rules have been promulgated, and the only statute dealing with subpoenas in juvenile cases is not inconsistent with Rule 45. *See* Ark. Code Ann. §§ 9-27-310(e). Accordingly, the rule and the subpoena form apply in probate and juvenile proceedings.

9. Subdivision (b), (c), and (d) of Rule 78 are amended to read as follows:

(b) *Motions, Responses, and Replies.* The form and content of motions, responses, and replies are governed by Rule 7(b). The timing of motions, responses, and replies is governed by Rule 6(c).

(c) *Hearing; Waiver.* The court, upon notice to all parties, may hold a hearing on a motion only after the time for reply has expired; however, the court may hear a proper ex parte motion at any time. Unless a hearing is requested by counsel or is ordered by the court, a hearing will be deemed waived and the court may act upon the matter without further notice after the time for reply has expired.

(d) *Mandamus and Prohibition.* Upon the filing of petitions for writs of mandamus or prohibition in election matters, it shall be the mandatory duty of the circuit court having jurisdiction to fix and announce a day of court to be held no sooner than 2 and no longer than 7 days thereafter to hear and determine the cause.

The Reporter's Notes accompanying Rule 78 are amended by adding the following:

Addition to Reporter's Notes, 2002 Amendment: The provisions of subdivision (b) have been deleted and replaced with cross-references to Rule 6(c), which now governs the timing of motions, responses, and replies, and to Rule 7(b), which now governs their content. Under the new first sentence of subdivision (c), the court may not hold a hearing on a motion, except one that may properly be heard ex parte, until the time for reply has expired. A similar provision was added to Rule 56(c), which applies to motions for summary judgment, in 2001. The title of subdivision (c) has been revised to make plain that it does not refer simply to waiver of hearings, and stylistic changes have been made in subdivision (d).

## Rules of the Arkansas Supreme Court and Court of Appeals

1. Rule 4-2 (a)(7) is amended to read as follows:

### Rule 4-2. Contents of briefs.

(a) *Contents.* * * *

(7) *Argument.* Arguments shall be presented under subheadings numbered to correspond to the outline of points to be relied upon. For each issue, the applicable standard of review shall be concisely stated at the beginning of the discussion of the issue. Citations of decisions of the Court which are officially reported must be from the official reports. All citations of decisions of any court must state the style of the case and the book and page in which the case is found. If the case is also reported by one or more unofficial publishers, these should also be cited, if possible. Reference in the argument portion of the parties' briefs to material found in the abstract and Addendum shall be followed by a reference to the page number of the abstract or Addendum at which such material may be found. The number of pages for argument shall comply with Rule 4-1(b).

2. New Rule 6-8 is adopted as follows:

### Rule 6-8. Certification of Questions of Law.

(a) *Power to Answer.* (1) The Supreme Court may, in its discretion, answer questions of law certified to it by order of a federal court of the United States if there are involved in any proceeding before it questions of Arkansas law which may be determinative of the cause then pending in the certifying court and as to which it

appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

(2) The Supreme Court shall decide whether to answer the question so certified within 30 days of the filing of the certification order. The Clerk shall mail notice of this decision to the certifying court, counsel of record, and parties appearing without counsel. The notice shall also state whether portions of the record, if any, are to be filed pursuant to subdivision (d) of this rule, as well as the briefing schedule and the approximate date the question certified will come before the Supreme Court for consideration.

(3) If the Supreme Court takes no action within 30 days of the filing of the certification order, the Court shall be deemed to have declined to answer the question unless it has by order extended the time.

(4) If the certification order is filed when the Supreme Court is formally in recess, the 30-day time period shall commence when the Court returns from the recess.

(5) In its discretion, the Supreme Court may at any time rescind its decision to answer a certified question. The Clerk shall promptly mail notice to the certifying court, counsel of record, and parties appearing without counsel.

(b) *Method of Invoking.* This rule may be invoked upon motion of a federal court of the United States or upon motion of any party to the cause pending before the court.

(c) *Contents of Certification Order.* (1) A certification order shall contain: (A) the question of law to be answered; (B) the facts relevant to the question, showing fully the nature of the controversy out of which the question arose; (C) a statement acknowledging that the Supreme Court, acting as the receiving court, may reformulate the question; and (D) the names and addresses of counsel of record and parties appearing without counsel.

(2) If the parties cannot agree upon a statement of facts, the certifying court shall determine the relevant facts and state them as a part of its certification order.

(d) *Preparation of Certification Order.* The certification order shall be prepared by the certifying court, signed by the judge presiding at the hearing, and forwarded to the clerk of the Supreme Court by the clerk of the certifying court under its official seal.

The Supreme Court may require the original or copies of all or any portion of the record before the certifying court to be filed if, in the opinion of the Supreme Court, the record or portion thereof may be necessary in answering the questions.

(e) *Costs of Certification.* Fees and costs shall be the same as in civil appeals docketed before the Supreme Court and shall be equally divided between the parties unless otherwise ordered by the certifying court in its certification order.

(f) *Briefs and Argument.* Proceedings in the Supreme Court shall be those provided in these rules.

(g) *Opinion.* The written opinion of the Supreme Court stating the law governing the questions certified shall be sent by the clerk under the seal of the Supreme Court to the certifying court and to the parties.

(h) *Power to Certify; Procedure.* The Supreme Court or the Court of Appeals, on their own motion or the motion of any party, may order certification of questions of law to the highest court of any other state when it appears to the Supreme Court or the Court of Appeals that there are involved in any proceeding before the court questions of law of the receiving state which may be determinative of the cause then pending and that there are no controlling precedents in the decisions of the highest court of the receiving state. The procedures for certification from this state to the receiving state shall be those provided in the laws of the receiving state.