The Honorable Marc McCune Prosecuting Attorney Twenty-first Judicial District 206 South 3rd Street Van Buren, AR 72956
Dear Mr. McCune:
I am writing in response to your request for my opinion on the following question:
 Is the one dollar per page charge permitted under ARCP 5(c)(2) for faxed filings to a clerk authorized in light of A.C.A. § 9-27-310(e) when a state agency (DHS) files petitions by fax?
RESPONSE
It is my opinion that a clerk may not charge or collect any fee, including the $1.00 per page fee under Ark. R. Civ. P. 5(c)(2), in cases brought by the Department of Health and Human Services ("DHHS") under Arkansas Code Title 9, Chapter 27, Subchapter 3 (involving juvenile court proceedings). The answer to your question is therefore "no," in my opinion. The fee is not authorized.
The rule of civil procedure that you have cited provides in relevant part:
 If the clerk's office has a facsimile machine, the clerk shall accept facsimile transmissions of any paper filed under this rule and may charge a fee of $1.00 per page.
Ark. R. Civ. P. 5(c)(2).
The Arkansas Code section in question states:
 No fees, including, but not limited to, fees for filings, copying, or faxing, including petitions for adoption and guardianships, summons, or subpoenas shall be charged or collected by the clerk or sheriffs' offices in cases brought in the circuit court under this subchapter by a governmental entity or nonprofit corporation, including, but not limited to, the prosecuting attorney, an attorney ad litem appointed in a dependency-neglect case, or the department.[1]
A.C.A. § 9-27-310(e) (Supp. 2005) (emphasis added).
As you have observed, the rule and the statute seemingly conflict. Rule 5 authorizes a $1.00 fee for faxed filings, whereas the emphasized language in A.C.A. § 9-27-310(e) clearly proscribes the collection of fees from DHHS, including fees for "faxing," in cases brought in circuit court under subchapter 3.[2] I have stated that there seems to be a conflict between the rule and the statute because I believe the question is whether this potential conflict can be resolved on the basis of the exemption provided under Ark. R. Civ. P. 81(a). This rule creates an exception from the rules of civil procedure in the case of so-called "special proceedings" created by statute where the procedures are different from those applicable to civil actions. Weidrick v. Arnold, 310 Ark. 138, 144, 835 S.W.2d 843
(1992). See also generally Smith v. Sidney Moncrief Pontiac,Buick, GMC Co., 353 Ark. 701, 120 S.W.3d 525 (2003); Nix v. St.Edward Mercy Medical Center, 342 Ark. 650, 653, 30 S.W.3d 746
(2000). Rule 81(a) states:
 These rules shall apply to all civil proceedings cognizable in the circuit courts of this state except in those instances where a statue which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.
Ark. R. Civ. P. 81(a).
The question, in my opinion, is whether cases brought under Arkansas Code Title 9, Chapter 27, Subchapter 3, are so-called "special proceedings" that are exempt from Rule 5(c)(2) by virtue of § 9-27-310(e). Although the court has not addressed this precise issue, it is my opinion that existing case law suggests the answer is "yes." The court in Weidrick, supra, observed: "Over the years, this court has referred to multiple special proceedings created by statute which do not constitute civil actions." 310 Ark. at 145. The cases set forth to illustrate the point involved proceedings to probate a will, garnishment proceedings, election contests, a will contest, an action in replevin, commitment of a tubercular person, petition to levy a tax, land condemnation proceeding, changing of a county seat, proceeding for protecting assets of an insolvent insurance organization, and a special proceeding for committing a child to reform school. Id. The latter proceeding was at issue in Exparte Kelley, 191 Ark. 848, 88 S.W.2d 65 (1935), wherein the court held that the then-applicable "Juvenile Court Act" provided a special proceeding for committing a minor to reform school and must be followed. 191 Ark. at 849.
Subchapter 3 of Chapter 27 of Title 9 similarly involves proceedings under the Arkansas Juvenile Code and other proceedings in juvenile court. I believe the court would likely be persuaded that Rule 81(a) resolves the seeming conflict between the rule and the statute and requires that no fees be charged or collected, in accordance with A.C.A. § 9-27-310(e).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The "department" is the Department of Health and Human Services ("DHHS") and its divisions and programs. A.C.A. §9-27-303(16)(A) (Supp. 2005) (defining "department"). The referenced "subchapter" is subchapter 3 of Chapter 27 of Title 9 (A.C.A. §§ 9-27-301—362 (Repl. 2002 and Supp. 2005)), involving proceedings under the Arkansas Juvenile Code of 1989, as amended, and other proceedings in juvenile court.
[2] Subsection (f) of A.C.A. § 9-27-310 states that a clerk's office with a fax machine must accept facsimile transmissions of papers filed under subchapter 3 by, among others, DHHS. A.C.A. §9-27-310(f) (Supp. 2005).